No. 12,093.

STATE EX REL. MRS. LYDIA E. PRESBRY ET ALS. VS. THE JUDGE OF THE CIVIL DISTRICT COURT.

This court has power to inquire into the proper execution of its decrees, and if the court to which the decree has been sent for execution improperly interprets it, and causes an execution to issue not in accordance with the recitals of the decree, the appellate court can, on proper proceedings being invoked, restrain the improper execution of the decree. When property in the hands of third persons is seized as the property of defendant in execution he can not interpose the adverse possession as a means of defeating the seizure.

ON APPLICATION for a Writ of *Mandamus*.

---

*Fergus Kernan* and *W. W. Wall* for Relators.

Submitted on briefs March 17, 1896.
Opinion handed down March 23, 1896.

ON APPLICATION FOR A WRIT OF MANDAMUS.

The opinion of the court was delivered by

McENERY, J. In the case of Hodges *et als.* vs. Benjamin Ory, 48 An. 54, this court rendered a judgment as follows:

"It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed in so far as it allows the defendant the sum of one thousand five hundred and four dollars and five cents, and in lieu thereof it is now ordered, adjudged and decreed that defendant recover from plaintiff five hundred and four dollars and five cents, and in other respects it be affirmed with costs."

The part of the judgment affirmed decreed that the sum awarded plaintiff should be " a lien and privilege on the property herein above described, to the proceeds of which the execution of the present judgment is limited."

The judgment of the court on becoming final was sent below for execution. The defendant, Ory, on the judgment in his behalf on his reconventional demand, issued execution and seized the property upon which his judgment was a lien and privilege. The relators sued out a rule on the defendant, Ory, plaintiff in reconvention, to show cause why an injunction should not issue, restraining the execution of the *fi. fa.* The relief prayed for was denied, and the relators now apply to this court for a *mandamus* to compel the respondent judge to issue the injunction as prayed for.

The reasons alleged by the respondent judge, to show that no *mandamus* proceeding can be had against him, do not apply here This proceeding is in relation to our own judgment, which, it is alleged, the respondent judge has improperly interpreted. This court having rendered the decree, has jurisdiction over its execution. Therefore, we were vested with power to issue all necessary writs to inquire into the proceedings below, and the writ of *mandamus* to compel the execution of our decree according to its terms. We find no departure from the decree in the issuance of the execution. The fact that the property is in the hands of third parties, holding adversely to plaintiffs to whom the property was adjudged, can not be interposed as a defence to the issuance of the execution. It was seized as the property of plaintiffs. Those who hold adverse possession to plaintiffs may have cause to complain, but not the plaintiffs, as relators.

The relief prayed for is denied at relator's costs.