GRISBAUM, Judge.
This appeal relates to a judicial sale of corporate and partnership interests. First National Bank of Jefferson (FNJ) appeals the trial court’s ruling setting aside the sale. We reverse.
ISSUE
The issue presented is whether a judgment debtor may assert a cause of action while claiming no interest in the property sold.
FACTS
Originally, this was a letter of credit case in which the issuing bank, FNJ, sought reimbursement from its customer, Terrel Carmouche, for sums disbursed by the bank to the beneficiary, Pac Oil Company and its draft endorsee, Colonial Bank. After protracted judicial proceedings, Mr. Carmouche was cast in judgment. Pursuant to this judgment, FNJ seized and sold 500 shares of stock in American Gulf Enterprises, Inc. and a one-third partnership in Big J Company. Mr. Carmouche then filed a motion to set aside the sale, alleging that he had no right, title, or interest in the property sold. Following a hearing before the district judge, the sale was set aside.
ANALYSIS
La.C.C.P. art. 927 provides:
The objections which may be raised through the peremptory exception include, but are not limited to, the following:
(1) Prescription;
(2) Res judicata;
(3) Nonjoinder of an indispensable party;
(4) No cause of action; and
(5) No right of action, or no interest in the plaintiff to institute the suit.
The court cannot supply the objections of prescription and res judicata, which must be specially pleaded. The nonjoin-der of an indispensable party, or the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, may be noticed by either the trial or appellate court of its own motion.
Here, Mr. Carmouche filed a motion to set aside a judicial sale. In support of this motion, Carmouche filed a memorandum alleging no right, title, or interest in the property seized and sold by the sheriff. He further alleges that any interest he may once have owned in said properties was transferred to his children in 1984.
For the purpose of ruling on Mr. Car-mouche’s motion, accepting all allegations *120 of fact as true, we find that Mr. Car-mouche has no right to contest the validity of the seizure and sale of property in which he has no ownership interest. In State ex rel. Presbrey et al. v. Judge of Civil District Court, 48 La.Ann. 667, 19 So. 666 (1896), the supreme court held that a judgment debtor may not enjoin the sale of property, seized in satisfaction of his debt, by asserting ownership in a third person. The court went on to say that while the third party may have a valid claim against the judgment creditor, this right is personal and cannot be asserted by the judgment debtor.
A fortiori, we likewise conclude, that a judgment debtor has no right of action to set aside a sheriff sale of property belonging to another.
For the reasons assigned, the judgment of the trial court dated April 17, 1989 is reversed. All costs of this appeal are to be assessed against the appellee.
REVERSED.